DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| J&G Investments, LLC, et al., | ) | |
| | ) | CASE NO. 5:06 CV 2461 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Fineline Properties, Inc., et al., | ) | |
| | ) | (Resolving Doc. No. 191) |
| Defendant(s). | ) | |
| | ) | |

Before the Court is the motion (Doc. No. 191) of defendant Pacific Stock Transfer

Company ("PSTC") for reconsideration of its motion to dismiss insofar as it sought dismissal of

Counts X and XI of the Second Amended Complaint.  Plaintiffs filed a memorandum in

opposition (Doc. No. 193), but no reply was filed.  For the reasons discussed below, the motion

is granted and, upon reconsideration, the Court dismisses Counts X and XI of the Second

Amended Complaint for failure to meet the heightened pleading standards of the Private

Securities Litigation Reform Act of 1995 ("PSLRA").

I.

The Court detailed the factual background in the Memorandum Opinion and Order of

March 27, 2007.  That background need not be fully repeated here.  (See Doc. No. 149 at 4-7).

The Second Amended Complaint sets forth eleven separate counts, only two of which are

implicated by the instant motion for reconsideration.[1]  Counts X alleges securities fraud under 15

---

[1]  The Court notes that, by Order dated October 13, 2006 (Doc. No. 6), plaintiffs were
(continued...)

(5:06 CV 2461)

U.S.C. § 78j and 17 C.F.R. § 240.10b-5 and Count XI alleges conspiracy to commit securities

fraud.

In a Memorandum Opinion and Order dated March 27, 2007 which ruled on PSTC's

original motion to dismiss, this Court stated:

> In its motion, PSTC argues specifically that . . . Counts X and XI (the only federal claims) should be dismissed because they fail to allege certain elements of a securities fraud claim and, further, as to PSTC, they allege no more than aiding and abetting securities fraud, for which there is no private right of action.  The motion seeks in general the dismissal of all counts of fraud and securities fraud leveled against PSTC.  . . . PSTC argues generally that the allegations of the Complaint are insufficient to meet the particularity requirements for fraud claims.

> In a lengthy and somewhat rambling brief in opposition to the motion, plaintiffs argue, with multiple references to the Complaint, that it pleads fraud with sufficient particularity to survive a motion to dismiss.

> Frankly, the Court finds the pleadings and the motions papers to be more than a little obtuse.  Further, the Court finds it difficult to understand how or why a transfer agent like PSTC, which seems to be a mere clerical player with respect to any securities transactions, could or would conspire to engage in securities fraud.  The Court fails to see what could possibly motivate such alleged conduct on the part of a mere transfer agent.

> That having been said, although plaintiffs may not ultimately succeed in proving any or all of their claims against PSTC, the Court is of the view that the Complaint, although somewhat confusing, is sufficient to withstand the motion to dismiss.  Perhaps discovery and motions for summary judgment will compel a different result; however, on a motion to dismiss, the Court is not quick to assume that "no relief could be granted under any set of facts[.]"  Hishon, supra.

---

[1] (...continued)
directed to file an amended complaint that sets out each claim in a separate count without any incorporation by reference of any other counts or factual allegations.  Plaintiffs' Second Amended Complaint does not meet this requirement.

(5:06 CV 2461)

In that rather cursory fashion, the Court denied PSTC's motion to dismiss the Second

Amended Complaint.

PSTC's current motion for reconsideration of the denial of the dismissal of Counts X and

XI is based on a ruling issued by the Supreme Court on June 21, 2007, after this Court's ruling

quoted above.

II.

In order to establish a claim of securities fraud, a plaintiff must plead and prove the

following:  (1) a misrepresentation or omission of a material fact, (2) made with scienter, (3) in

connection with the purchase or sale of a security, (4) relied on by the plaintiff, and (5)

proximately causing plaintiff's loss.  15 U.S.C. § 78j(b).  In addition, under the PSLRA, any

allegation that a defendant made a false or misleading statement must

> (1) specify each statement alleged to have been misleading [and] the reason or
> reasons why the statement is misleading; and
>
> (2) state with particularity facts giving rise to a strong inference that the defendant
> acted with the required state of mind.

15 U.S.C. §§ 78u-4(b)(1)-(b)(2).

In Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499 (2007), the Court,

applying the PSLRA, addressed how courts should interpret the "strong inference" pleading

requirement for a securities fraud case being challenged on a Rule 12(b)(6) motion to dismiss.  A

court must determine "whether *all* of the facts alleged, taken collectively, give rise to a strong

inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that

3

(5:06 CV 2461)

standard."  Id. at 2509 (emphasis in original).  In doing so, a court must "take into account

plausible opposing inferences."  Id.  The Supreme Court concluded that:

> the inference of scienter must be more than merely "reasonable" or "permissible"
> -- it must be cogent and compelling, thus strong in light of other explanations.  A
> complaint will survive . . . only if a reasonable person would deem the inference
> of scienter cogent and at least as compelling as any opposing inference one could
> draw from the facts alleged."

Id. at 2510.

### III.

Defendant argues that plaintiffs have not met the pleading standards described in Tellabs.

Plaintiffs argue in response that they have been sufficiently particular in their allegations,

pointing to several paragraphs of their Second Amended Complaint.  However, only four of the

identified paragraphs are in Count X and none of them are in Count XI.

Count X alleges a federal claim of securities fraud and plaintiffs identify ¶¶ 126, 132,

133, 135 from this count as setting forth sufficient facts to support the claim.  These paragraphs

actually include only limited *facts*, with the remainder expressing *legal conclusions*.  The factual

components of these four paragraphs, taken as true for purposes of a motion to dismiss, are that

the events at issue occurred between April 2005 and September 2006 (¶¶ 126, 132); that shares

of stock were issued in various amounts at various times (¶ 133); and that plaintiffs relied on the

defendants to limit any administrative stop orders to 30 days between April 11, 2006 and May

10, 2006 (¶ 135).

Even if all of these facts are taken as true, they do not meet the heightened pleading

requirements outlined above.

4

(5:06 CV 2461)

Count XI is completely ineffective in pleading Conspiracy to Commit Securities Fraud.

Count XI sets forth <u>no</u> facts; it merely alleges that through the "acts and omissions fully set forth

in Count VIII," all of the defendants conspired to commit securities fraud.  Count VIII is a claim

of theft under state law.  In their response to the instant motion, plaintiffs point to ¶¶ 108 and 109

in Count VIII as pleading sufficient facts to support Count XI; they point to no part of Count XI

itself as actually supporting Count XI.  Even if the Court were to credit Count VIII's improper

incorporation by reference into Count XI, ¶¶ 108 and 109 merely sets forth *legal conclusions*,

not facts.  The Court need not take legal conclusions as true when deciding a Rule 12(b)(6)

motion to dismiss.

In view of the <u>Tellabs</u> Court's clarification of the pleading standards for federal securities

fraud claims, upon reconsideration, the Court is of the view that Counts X and XI should be

dismissed and the same will be ordered.

IV.

For the reasons discussed above, Counts X and XI are dismissed.

IT IS SO ORDERED.


  September 11, 2007                          *s/ David D. Dowd, Jr.*

Date                                       David D. Dowd, Jr.

                                             U.S. District Judge