DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J&G Investments, LLC, et al., | ) | |
| | ) | CASE NO. 5:06 CV 2461 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Fineline Properties, Inc., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court are motions to dismiss filed by defendant Routh Stock Transfer, Inc. (Doc. No. 204) and defendant Jason Freeman (Doc. No. 205), plaintiffs' combined memorandum in opposition (Doc. No. 217), and defendants' combined reply (Doc. No. 220). For the reasons discussed below, both motions are granted and these two defendants are dismissed.

**I. BACKGROUND**

This action was initiated on October 12, 2006. The underlying facts of the complaint are somewhat complicated. Apparently, plaintiff J&G and Fineline Properties.com, Inc. entered into a Consulting Agreement on November 12, 2004 whereby J&G agreed to assist Fineline in becoming current with reports it was required to file with the Securities and Exchange Commission. In return, Fineline agreed to issue 200,000 shares of its Preferred B Stock to J&G's executive officer, plaintiff Hodges. J&G claims to have fully performed under the Agreement. On or about December 27, 2004, Fineline's president, defendant Petry, instructed Fineline's transfer agent, defendant PSTC (now dismissed), to issue Hodges one certificate for 200,000 Convertible B Preferred Shares. In February 2005, Hodges elected to convert his

(5:06 CV 2461)

200,000 shares of Preferred B Stock to 2,000,000 shares of common stock. An appropriate stock certificate was issued by PSTC to Hodges on or about February 13, 2005, signed by both Petry, as president of Fineline Holdings, and by defendant Brauning, as secretary of Fineline Holdings. When Hodges attempted to register the transfer of his stock, he was allegedly thwarted by repeated administrative stop orders placed on the stock by Fineline, which believed that J&G had not performed its end of the bargain under the Consulting Agreement. Fineline claims it issued the stock certificates in anticipation of J&G's performance, which never materialized. Apparently the value of the stock significantly declined during the pendency of these stop orders. The plaintiffs also allege that, ten days before the expiration of the second stop order, defendants intentionally further reduced the value of his ownership interest in Fineline by executing a 1 for 1,000 share reverse stock split. The plaintiffs further allege that Fineline switched transfer agents, from PSTC to defendant Routh, "for the purpose of perpetuating [their] illegal scheme [to] deprive Mr. Hodges of the benefits attendant to his ownership interest in the Stock." (Compl. ¶ 48).

The Court directed plaintiffs to file an amended complaint (see Doc. No. 6), which they did on October 18, 2006 (Doc. No. 9). Defendant Routh Stock Transfer, Inc. ("Routh") was served (see Doc. No. 15), but failed to file an answer. As a result, the Clerk noted Routh's default. (See Doc. No. 68). Subsequently, with leave of Court, the Second Amended Complaint (Doc. No. 74) was filed on December 11, 2006. This complaint added defendant Jason Freeman ("Freeman"), allegedly an officer of Routh. He was eventually served on January 13, 2007. Counsel for Routh made his appearance on December 14, 2006 (see Doc. No. 83) and later,

(5:06 CV 2461)

sought leave until January 22, 2007 to move to set aside the entry of default. By Order dated January 16, 2007, the Court sua sponte set aside the entry of default against Routh and directed it to move or otherwise plead by February 2, 2007. (See Doc. No. 104). Answers and Crossclaims were filed by both Routh and Freeman on that date. (Doc. Nos. 124, 125).

Discovery proceeded, though not smoothly, and on July 17, 2007, the Court granted defendant Godfrey's motion to dismiss for lack of personal jurisdiction. (See Doc. No. 187). On that same date, with the parties' consent, the Court ordered mediation. Mediation was not successful. Defendants Routh and Freeman filed motions to dismiss, the motions currently being addressed by the Court. (Doc. Nos. 205, 205). By stipulated Order dated October 11, 2007, plaintiffs dismissed with prejudice defendants PSTC and Godfrey. (See Doc. No. 209).

Routh's and Freeman's motions to dismiss are ripe for determination.

## II.  DISCUSSION

The Court will deal with these two motions as if they are one because they raise essentially the same questions. The motions seek dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, under Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted, and under Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity.

As a threshold issue, the Court must address plaintiffs' somewhat ludicrous argument that, since Routh never answered the Amended Complaint, it is that complaint, not the Second Amended Complaint, which must be considered as to Routh. Plaintiffs assert that, at the time they filed their Second Amended Complaint, since Routh was in default, they never bothered to

3

(5:06 CV 2461)

amend the complaint as to Routh, not anticipating that the Court would subsequently set aside the entry of default.

This is an argument completely without merit. Plaintiffs knew that they had not amended as to Routh at the time the Court set aside the entry of default. All plaintiffs needed to do was to seek leave to amend a third time. They cannot now seriously believe that the Court and/or the defendants can be expected to examine a jigsaw puzzle of complaints, applying the Amended Complaint to Routh alone and the Second Amended Complaint to everyone else. The Second Amended Complaint is the only complaint currently at issue. It sets forth the following thirteen claims for relief: [1]

  I.  Injunctive relief under O.R.C. § 1308.30(C) -- against all defendants

  II.  Securities fraud under O.R.C. § 1707.41 -- against Fineline, Petry, Brauning, and Rudick

  III.  Aiding and abetting state law securities fraud -- against PSTC, Godfrey, Brovarone, Freeman and Reskin

  IV.  Conspiracy to commit state law securities fraud -- against all defendants

  V.  Violation of duty to register transfer under O.R.C. § 1308.33 -- against Routh and PSTC

  VI.  Violation of duty to register transfer under O.R.C. § 1308.37 [alternatively, under Delaware Code tit. 6, § 8-401] -- against Fineline and Fineline Holdings

  VII.  Breach of contract -- against Fineline and Fineline Holdings

---

[1] Some of the defendants listed have already been dismissed from this action.

(5:06 CV 2461)

> VIII. Theft under O.R.C. § 2913.01 -- against Fineline, Fineline Holdings, PSTC, Routh, Petry, Brauning, and Rudick
>
> IX. Negligence per se -- against Fineline Holdings, Petry, Brauning and Rudick
>
> X. Violation of 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5 (Securities Fraud) --against all defendants
>
> XI. Conspiracy to commit securities fraud -- against all defendants
>
> XII. Fraud -- against all defendants
>
> XIII. Conspiracy to commit fraud -- against all defendants

Only Counts X and XI are federal claims. All the remaining claims are state law claims.

**A. Lack of Personal Jurisdiction (Counts I-IX, XII, and XIII)**

Both Routh and Freeman assert that this Court lacks personal jurisdiction over them with respect to the state law claims because they have no contacts with the State of Ohio. Fourteenth Amendment due process requirements are met when *in personam* jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940).

Plaintiffs bear the burden of showing that the court has personal jurisdiction over Routh and Freeman. Brunner v. Hampson, 441 F.3d 457, 462 (6th Cir.2006) (citing CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996)). "When, however, a district court rules on a jurisdictional motion to dismiss ... without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.... To defeat such a

5

(5:06 CV 2461)

motion, ... [the plaintiff] need only make a *prima facie* showing of jurisdiction." CompuServe, Inc., 89 F.3d at 1262.

The Court did not conduct an evidentiary hearing and none has been requested. However, the undisputed facts set forth in affidavits[2] establish that neither Routh nor Freeman is subject to this Court's jurisdiction because they lack the requisite minimum contacts with this state.

Routh is a Texas corporation which acts as a stock transfer agent. Its principal place of business is in Texas. It does no business in Ohio, maintains no office in Ohio, and does not own, use, possess, rent, or lease any real estate or personal property in Ohio. It pays no taxes in Ohio. Routh has no employees in Ohio and does not employ any agents in Ohio. It is not licensed or registered to do business in Ohio. It does not solicit or transact business in Ohio and engages in no economic activity in Ohio. None of Routh's shareholders, officers, directors, or employees reside in Ohio. It has no agent authorized to accept service in Ohio. Routh has never registered a transfer of stock in Ohio. It maintains no bank accounts, telephone numbers, mailing or post office addresses in Ohio. Any revenue which Routh derived from services in Texas for any Ohio entity is less than 1% of its gross revenues. Any and all revenues for services rendered by Routh as a transfer agent are mailed or wired to Routh in Texas. When Routh agreed to serve as

---

[2] The affidavits would be considered "matter outside the pleadings" for purposes of the two federal claims, which the motions challenge on the merits, converting the motion to dismiss as to those two counts into a motion for summary judgment. The affidavit does not have the same effect with respect to the state law claims, which are challenged on the basis of lack of personal jurisdiction. It is permissible for defendants to submit their affidavits to support a claim that there is no personal jurisdiction.

(5:06 CV 2461)

Fineline's transfer agent, it did so by way of a telephone call initiated from Kentucky to Routh in Texas. The actual written transfer agent agreement was prepared in Texas and finalized in Texas upon execution by Routh in Texas. No Routh officer or employee has ever traveled to Ohio or been present in Ohio in connection with any of plaintiffs' claims. The only remuneration Routh received for its services in matters relating to this lawsuit was a standard transaction fee of $20.00 for issuing one new certificate registered in the name of Legent Clearing LLC; this is less than 1% of Routh's gross revenue in 2006. (Affidavit, Doc. No. 204-2).

Similarly, Freeman, an officer of Routh, resides in Texas and has performed all acts in his official capacity on Routh's behalf in Texas, not Ohio. Freeman has never been in Ohio for any purpose. Freeman is registered to vote in Texas and has a Texas driver's license. He does not own, possess, rent or lease any real estate or personal property in Ohio. He maintains no bank accounts, telephone accounts, mailing or post office addresses in Ohio. He pays no taxes in Ohio. Freeman is not licensed for any purpose in Ohio. Other than this case, he has never sued or been sued in Ohio.

Plaintiffs do not argue that this Court has any form of general personal jurisdiction over these defendants. Rather, they assert only specific personal jurisdiction.[3] Plaintiffs argue,

---

[3] In order for personal jurisdiction to be exercised over a non-resident defendant, a plaintiff must show that the defendant has purposefully established "minimum contacts" with the state and that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. The minimum contacts prong is established through either general or specific jurisdiction. General personal jurisdiction may be found over a non-resident defendant where its contacts with a state are both continuous and systematic. Specific jurisdiction applies where a plaintiff's cause of action arises out of or relates to a defendant's forum-related activities. See Fortis Corporate Ins. v. Viken Ship Management, 450 F.3d 214, 218 (6th Cir. 2006).

(5:06 CV 2461)

without any factual support, that "Routh had dealings with Ohio via Fineline." (Doc. No. 217, at 7).  Also without any basis whatsoever, plaintiffs argue that Freeman had some sort of dealings with defendant Reskin on matters unrelated to the instant case and, therefore, cannot be surprised to be haled into court in Ohio.  Plaintiffs have supplied nothing to refute defendants' affidavits and have completely failed to make a *prima facie* showing of specific personal jurisdiction as to these two defendants.  As properly pointed out by the defendants, the essential issue is: "did a Texas corporation and its officer, who has never set foot in Ohio, performing services only in Texas, when presented with a request by the Nebraska agent of an Arizona holder of stock in a Delaware corporation for a one time Twenty Dollar ($20.00) fee reasonably expect to end up being sued in a federal court in Akron, Ohio." (Doc. No. 220, at 5-6).  The answer is, quite simply, No.

Accordingly, since plaintiffs have failed to establish *in personam* jurisdiction over either defendant Routh Stock Transfer, Inc. or defendant Jason Freeman, defendants' motions to dismiss the state law claims pursuant to Fed. R. Civ. P. 12(b)(2) are both granted.  The dismissal will be without prejudice.

**B.  Failure to State a Claim Upon Which Relief Can be Granted and Failure to Plead Fraud with Particularity (Counts X and XI)**

Although defendants' motions argue, under Fed. R. Civ. P. 12(b)(6), that all thirteen counts fail to state a claim against them, having dismissed all the state law claims for lack of personal jurisdiction, the Court need only examine the two federal securities fraud claims in

8

(5:06 CV 2461)

Counts X and XI.[4]  With respect to these two counts, defendants also argue, under Fed. R. Civ. P. 9(b), a failure to plead fraud with particularity.

As this Court pointed out in its Memorandum Opinion and Order of July 17, 2007 dismissing defendant Jodi Godfrey, these two claims against Routh and Freeman cannot survive because of the heightened pleading requirements imposed by the Supreme Court.

On June 21, 2007, the Supreme Court addressed the nature of the Rule 9(b) pleading inquiry for securities fraud cases in the wake of the Private Securities Litigation Reform Act of 1995, which requires that plaintiffs state with particularity both the facts underlying the alleged violation and the facts showing scienter.  The Court "establish[ed] the following prescriptions:"

> . . . *First*, faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). . . .
>
> *Second*, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  See 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007).  The inquiry, as several Courts of Appeals have recognized, is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.  See, e.g., Abrams v. Baker Hughes Inc., 292 F.3d 424, 431 (C.A.5 2002); Gompper v. VISX, Inc., 298 F.3d 893, 897 (C.A.9 2002). . . .

---

[4] These claims under the federal securities laws provide for nationwide service of process, 15 U.S.C. § 78aa, and do not present any problem with personal jurisdiction.  Since the Court has decided to dismiss these two federal claims, it could also have simply declined to exercise its supplemental jurisdiction over the state law claims even if there had been personal jurisdiction.  Either way, none of the state law claims would survive.

9

(5:06 CV 2461)

>    *Third*, in determining whether the pleaded facts give rise to a "strong" inference of scienter, the court must take into account plausible opposing inferences. . . . [T]he inference of scienter must be more than merely "reasonable" or "permissible"--it must be cogent and compelling, thus strong in light of other explanations.  A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged. [footnote omitted].

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509-10 (2007).

The sum total of the facts alleged against Routh and Freeman in the Second Amended Complaint are as follows:

> ¶2  All defendants (which would include Routh and Freeman) used the U.S. mail and/or wire;

> ¶18  Freeman was an officer of Routh;

> ¶48  A change of transfer agents occurred from PSTC to Routh;

> ¶49  Freeman had a business relationship with defendant Reskin;

> ¶52  On September 6, 2006, Attorney Eade put Freeman on notice of Fineline Holdings, Inc.'s attempt to place another stop transfer on the stock certificate;

> ¶53  On September 19, 2006, Freeman informed Legent Clearing Corp. that Routh intended to follow Fineline Holdings, Inc.'s instructions and not transfer Hodges' stock and would only transfer the stock upon Court order or mutual agreement;

> ¶88  Routh was a transfer agent for Fineline Holdings, Inc. in the registration of transfer of Fineline Holdings, Inc. securities;

> ¶89  Routh and Freeman failed and refused to honor Hodges' registration of transfer of stock;

> ¶105  Routh exerted control over the stock in Texas;

> ¶110  On September 6, 2006, Routh failed to honor Hodges' request for registration of transfer of the stock;

> ¶121  Freeman used U.S. mail and/or wire through national securities exchange; and

(5:06 CV 2461)

¶127  Freeman is an officer and managerial employee of Routh which is a facility of a national securities exchange.

These bare-bones allegations do not meet the heightened pleading standards of Tellabs. Accordingly, the Court concludes that Counts X and XI fail to state claims against Routh Stock Transfer Inc. and/or Jason Freeman.  Accordingly, the two claims are dismissed as against these two defendants.

### III.  CONCLUSION

For the reasons discussed above, the motions to dismiss filed by defendants Routh Stock Transfer, Inc. and Jason Freeman (Doc. Nos. 204 and 205) are granted.  Counts X and XI are dismissed with prejudice as against these defendants for failure to state a claim (Rule 12(b)(6)) and for failure to plead fraud with particularity (Rule 9(b)).  The remaining counts are all dismissed without prejudice as against these defendants for lack of personal jurisdiction (Rule 12(b)(1)) and because the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise its supplemental jurisdiction.

IT IS SO ORDERED.

| | |
|---|---|
| December 3, 2007 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |