DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J & G Investments, LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Fineline Holdings, Inc., et al., )<br>)<br>Defendants. )<br>) | CASE NO. 5:06 CV 2461<br><br>MEMORANDUM OPINION |

This action was filed on October 12, 2006, and has generated constant problems for the Court in supervising the controversy giving rise to the litigation. More than a year after the complaint was filed, the Court granted the preliminary injunction sought by the plaintiffs and enjoining all defendants from taking any action to delay, block, inhibit or otherwise prevent the registration of the transfer 2,000,000 certificated shares of common stock of Fineline Holdings, Inc. belonging to the plaintiff, Daniel Hodges, and ordering the registration of the transfer of said stock to Daniel Hodges.

In its 10-page Memorandum Opinion and Order granting the preliminary injunction, the Court opened in part as follows:

> In this case, the underlying question is whether plaintiffs performed under the Agreement. Performance constitutes the consideration for the issuance of the 2 million shares of stock. This is a factual issue that must be determined before any judgment can be made as to plaintiffs' likelihood of success on the merits. The Court does note that Fineline issued the stock certificate to Hodges; that is strong evidence that Hodges was entitled to receive it, notwithstanding Fineline's current self-serving position in its Answer that it issued the certificate only "in anticipation" of plaintiffs' performance under the Agreement. In

(5:06 CV 2461)

>the business world, that is either simply not so or very bad judgment. For purposes of the current motion, it is simply not credible.
>
>Plaintiffs argue that, because the value of the Stock is rapidly decreasing, Hodges will be irreparably harmed by failure to issue an immediate injunction. On the other hand, if plaintiffs prevail on the merits, it will not be particularly difficult to determine the value of the Stock at the time that defendants' wrong-doing occurred and to award that amount in damages. The only danger (which may be a very real danger) is that, at the time of any such judgment, defendants may not be collectable. At the hearing on the motion, when the Court inquired of counsel for the defendants whether their clients were collectible, counsel side-stepped the issue by answering: "Possibly." (TR at 17). Counsel then rather lamely argued that, at the very least, damages can be quantified. (Id.). The mere ability to "quantify" damages will be little comfort to the plaintiffs if, at such time that they prevail, defendants are insolvent. That would be a hollow victory.
>
>Plaintiffs argue that no harm would come to any third party if an injunction were issued and that, in fact, the public interest would be served. The Court concludes that is probably true. Further, since the defendants have filed a counterclaim against the plaintiffs, if plaintiffs are granted an injunction and later do not prevail on the merits of their case and/or are also found liable on the merits of the counterclaim, plaintiffs would then have to pay back in damages whatever they had gained by way of the preliminary injunction. In that event, if plaintiffs were not solvent, then defendants would suffer harm. Of course, harm to the defendants is not one of the four factors to consider, since defendants are not properly considered "third parties."

On July 12, 2007, the Court conducted a status conference with counsel for all parties in order to resolve various pending matters. Thereafter, the Court published an order, Docket No. 186, which is attached hereto as Appendix I. In that order, the Court provided specific deadlines for summary judgment practice and provided that dispositive motions should be filed by March 21, 2008; responses to dispositive motions to be filed by April 11, 2008 and replies, if any, to be

2

(5:06 CV 2461)

filed by April 18, 2008.  Counsel for the plaintiffs filed timely both a motion for summary judgment and a brief in support of the motion for summary judgment on March 21, 2008. (Docket Nos. 226 and 227).  Characteristic to what the Court views as delaying tactics by the defendants, counsel for the defendants failed to file a response by April 11, 2008.  On April 17, 2008, the plaintiffs filed a reply in support of the motion for summary judgment even though a response had not been filed.  Apparently, the filing of that reply triggered action by the defendants, for on the same day, April 17, 2008, the defendants, Robert Brauning, James Reskin, Fineline Properties, Inc., Fineline Holdings, Inc., and Robert Petry, filed a motion for extension of time until May 5, 2008 to respond to the plaintiffs' motion for summary judgment.  (Docket No. 229).  Out of an abundance of caution, the Court granted the defendants' motion to respond to plaintiffs' motion for summary judgment until May 5, 2008.  (Docket No. 230).  On Friday, May 2, 2008, counsel for the defendants filed a motion for an extension of time until June 4, 2008, to respond to plaintiffs' motion for summary judgment.  (Docket No. 231).  On May 5, 2008, counsel for the defendants filed a supplement to its motion for an extension of time until June 4, 2008.  (Docket No. 234).  The supplement simply included an order for the Court to sign granting the motion.  No additional information was presented to the Court to support the proposition that the defendants were entitled to still more delay in responding to the plaintiffs' motion for summary judgment filed on March 21, 2008.  On the same day, the Court denied the motion for an extension of time.  (Docket No. 235).

The defendants then filed, still on May 5, 2008, a response to the plaintiffs' motion for summary judgment and attached to the motion what purported to be affidavits of James Reskin

3

(5:06 CV 2461)

and Robert Petry. (Docket No. 236). Subsequently, counsel for the plaintiffs filed on May 12, 2008, a motion to strike the affidavits of Reskin and Petry and with a brief in support of the motion. (Docket No. 238 and 239). The Court then granted the defendants' motion to file a response to the motion to strike the affidavits of Reskin and Petry. The response was filed on June 6, 2008. (Docket No. 246).

At this point, it becomes appropriate to examine the initial affidavit of James A. Reskin which bore no date for its execution by James A. Reskin and the jurat was not executed. Consequently, counsel for the defendants failed to file an affidavit by James Reskin in support of the opposition to the plaintiffs' motion for summary judgment. A copy of the page purporting to contained the signature of Reskin and the blank jurat are attached hereto as Appendix II. (Docket No. 236).[1]

After examining the initial statement of James Reskin in the absence of a jurat as indicated in Appendix II, and the substituted signature page with a new jurat page fully executed, indicates to the Court that no timely and properly prepared affidavit was filed in support of the defendants' opposition to the plaintiffs' motion for summary judgment. Consequently, the plaintiffs' motion to strike what purports to be the affidavit of James Reskin is granted.

The affidavit of Robert Petry states in its entirety as follows:

> I, Robert V. Petry, first being duly sworn and upon my oath, testify as follows:

---

[1] The defendants' response to strike the affidavit of Reskin filed on June 6, 2008, contains the same signature page, but now a fully completed jurat showing that the signature of James Reskin was subscribed before a Dietra Murphy of the State of Kentucky.

4

(5:06 CV 2461)

> 1. I tun [sic] the President of Fineline Holdings, Inc.  Prior to January 2005, I was the President of Fineline Pmperties.com, Inc. [sic]  I am competent to testify, have personal knowledge, and have full unfettered authority to make the sworn statements in this affidavit.
>
> 2. I have read the foregoing response and that the statements contained herein are true and correct to the best of my knowledge, information and belief.
>
> Further, Affiant sayeth naught.
>
>                 /s/ Robert Petry
>
> SWORN TO BEFORE ME and subscribed to in my presence this S' [sic] day of May, 2008.

The affidavit is meaningless and adds nothing to the argument submitted by the defendants in support of their opposition to the plaintiffs' motion for summary judgment.  The motion of the plaintiffs to strike the affidavit of Robert Petry is granted.

    IT IS SO ORDERED.

| | |
|---|---|
| June 19, 2008 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr.<br>U.S. District Judge |